UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

ROHIT GILL,

Petitioner,

v.

WARDEN OF THE DESERT VIEW FACILITY, et al.,

Respondents.

No. 5:26-cv-05330-JDE

ORDER REGARDING PETITION

# I.
# PROCEEDINGS

On September 14, 2026, Rohit Gill ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his arrest and detention by immigration authorities under the Fourth and Fifth Amendments, seeking immediate release. Dkt. 1 ("Petition" or "Pet."). The Petition is electronically signed by Petitioner's counsel. Id. at 20. On September 22, 2026, Respondents filed an Answer to the Petition. Dkt. 7 ("Ans."). On September 2, 2026, Petitioner filed a Reply. Dkt. 8 ("Reply").

For the reasons discussed below, the Petition is denied.

## II.

## BACKGROUND

Petitioner is a native and citizen India who was admitted to the United States on a B-2 nonimmigrant visa on June 20, 2023, but remained in the United States beyond the period authorized by his visa. Pet. ¶¶ 1-2, 26. He has employment authorization issued by the Department of Homeland Security ("DHS"), has maintained stable employment, has resided openly, established substantial ties to the community, and has no criminal arrests, charges, or convictions. Id. 27-30.

On September 10, 2026, while "Petitioner was travelling through Los Angeles International Airport ("LAX"), officers from Immigration and Customs Enforcement ("ICE") approached him, demanded identification documents, and, despite his cooperation, detained him without a "meaningful explanation." Pet. ¶¶ 33-41. He was not provided written notice of the reasons for his detention, a hearing, or an opportunity to contest detention at the time of his detention. Id. ¶¶ 42-47. On September 14, 2026, DHS served him with a Notice to Appear charging him with overstaying his visa, but the Notice to Appear does not specify any factual basis "requiring immediate detention." Id. ¶¶ 52-57. Petitioner remains in ICE custody.

Respondents do not dispute the foregoing allegations. See generally Ans. Respondents concede that Petitioner "appears to be entitled to request and receive an initial bond hearing pursuant to Rodriguez Vazquez v. Bostock, --- F.4th ---, 2026 WL 2196424 (9th Cir. 2026)," but aver that he is "properly detained pending such potential bond proceedings because this is Petitioner's first detention," and further aver that, as Petitioner has not yet requested such a bond hearing from the Immigration Court, he "has not yet properly exhausted [his] available administrative remedies, and [the] Petition is defective on that basis." Id. at 1-2.

In Reply, Petitioner argues that Respondents' Answer "does not address the constitutional claim actually presented in the Petition," that is, "that Respondents violated the Fifth Amendment when they deprived him of his physical liberty without constitutionally adequate pre-deprivation process." Reply at 2. Petitioner reiterates that the basis for the Petition is his allegation that "Respondents deprived him of physical liberty without first providing the procedures required by the Fifth Amendment." Id. at 4. As such, Petitioner confirms that he does not seek a bond hearing, but seeks only "immediate release." Id. at 7.

## III.

## DISCUSSION

A petitioner seeking habeas relief must demonstrate that he or she is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). The protections of habeas corpus extend to those in immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin, 955 F.3d at 759.

"It is the petitioner's burden to prove his custody is in violation of the Constitution, laws[,] or treaties of the United States." Snook v. Wood, 89 F.3d 605, 609 (9th Cir. 1996) (as amended). Petitioner contends, as clarified in his Reply, that his detention without pre-detention notice or opportunity to contest detention, violated his due process rights, requiring his immediate release. Petitioner has failed to carry his burden to prove that his current custody violates his federal rights such that he is entitled to immediate release.

As the Supreme Court has explained, "[a] writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its

object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment." United States ex. rel. Bilokumsky v. Tod, 263 U.S. 149, 158 (1923) (citation omitted). Thus, "[t]he dispositive question in this habeas proceeding is not whether Petitioner's arrest was procedurally defective, but whether he is presently entitled to release from custody." Liu v. Janecha, 2026 WL 2178768, at *2 (C.D. Cal. July 27, 2026).

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. U.S. Const. amend. V. Due process rights extend to noncitizens present in the United States, including those subject to final removal orders. Zadvydas v. Davis, 533 U.S. 678, 693-94 (2001). Due process requires that an individual be afforded notice and opportunity to be heard "at a meaningful time and in a meaningful manner." See Mathews v. Eldridge, 424 U.S. 319, 333, 348 (1976) (citation omitted). The Court must consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Id. at 335.

At the time of his detention at LAX on September 10, 2026, Petitioner had overstayed his visa by several years. Petitioner does not contend that he was lawfully in the United States or had been granted any parole or other formal release on conditions by DHS at the tie of his arrest. At least one court, in assessing whether a liberty interest existed, distinguished between visa overstays "who had never been granted any form of parole," who, the court found, had "no such conditional liberty interest," from those who had been

"released on parole." Jesus v. Santacruz, 2026 WL 1947628 (C.D. Cal. July 2, 2026) (dismissing petition, though noting that, although "due process might not require a pre-deprivation hearing," the petitioner may still be "entitled to a [post-detention] bond hearing.").

Even assuming a cognizable liberty interest existed at the time of Petitioner's detention at LAX, in these circumstances, the government has a "strong interest" in enforcing the immigration laws (Rodriguez Diaz v. Garland, 53 F.4th 1189, 1208 (9th Cir. 2022)), and Petitioner has not shown that being offered a prompt post-detention bond hearing, at which he could be represented by counsel and would be afforded the opportunity to challenge his detention, was inadequate to safeguard that liberty interest and mitigate the risk of erroneous deprivation. Although Petitioner cites other district court decisions ordering release based on the facts in those cases, the undersigned finds on the facts here, immediate release via a habeas petition is not warranted. Again, assuming a liberty interest, Petitioner, who does not contend he was lawfully present in the United States at the time of his arrest, was provided a Notice to Appear shortly after his arrest that advised him in writing of the basis for his arrest and the removal proceedings, and has had an opportunity to challenge his detention at a bond hearing, although he has not, apparently, as yet, taken that opportunity. At such hearing he could be represented by counsel, could present evidence, and could thereafter appeal the outcome of an adverse bond decision to the Board of Immigration Appeals. The Court finds that the process Petitioner received post-deprivation was sufficient to protect his asserted liberty interest here. See Aguilar v. Semaia, 2026 WL 166906, at *4-5 (C.D. Cal. Jan. 16, 2026) (denying request for immediate release from immigration detention in light of post-detention process provided, including a bond hearing); F.R.V. v. Semaia, 2026 WL 852064, at *2-3 (C.D. Cal. Mar. 24, 2026) (finding petitioner failed to show a

likelihood of success on her due process claim where she was provided a post-detention bond hearing); Singh v. Bowen, 2026 WL 485760, at *4-5 (C.D. Cal. Feb. 19, 2026) (same); see also Rodriguez Diaz, 53 F.4th at 1208 (explaining that courts must "consider the process [petitioner] received [while detained]" and "the further process that was available to him").

Accordingly, Petitioner has not shown that his arrest renders his present detention unlawful or that release, the only remedy he seeks, is warranted.

## IV.

## ORDER

IT IS THEREFORE ORDERED that Judgment be entered denying the Petition with prejudice, though nothing herein precludes Petitioner from requesting a bond hearing before an immigration judge in his ongoing immigration proceedings.

Dated: September 23, 2026__

JOHN D. EARLY
United States Magistrate Judge